SWANN, Judge.
The City of Miami has taken this interlocutory appeal from an order in which the chancellor struck its motion to dismiss *32 and gave it ten days in which to file a responsive pleading.
The plaintiff, Aeroland Oil Company, had filed its complaint in equity, seeking to enjoin the City from requiring it to have a wholesale gasoline and oil distributor’s license. The City filed its motion to dismiss and the chancellor entered his order striking the motion for failure to comply with Rule 1.11(b) of the Florida Rules of Civil Procedure, 30 F.S.A. as amended January 1, 1966, and granting the City ten days within which to file its responsive pleading to the complaint.
Rule 1.11(b) provides, in part:
“Every defense, in law or fact, to a claim for relief in any pleading shall be asserted in the responsive pleading thereto if one is required; except that the following defenses may be made by motion at the option of the pleader: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a cause of action, (7) failure to join indispensable parties. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. The grounds on which any of the enumerated defenses are based and the substantial matters of law intended to be argued shall be stated specifically and with particularity in the responsive pleading or motion. Any ground not so stated shall be deemed to be waived except any ground showing that the court lacks jurisdiction of the subject matter may be made at any time. * * * ”
It appears that the chancellor never ruled on the sufficiency of the complaint. His order indicates that he considered the motion to dismiss insufficient, under the Rule; that he therefore struck it and granted the City ten days under Rule 1.11(b) in which to file another “responsive pleading.”
We do not believe that the chancellor has abused his discretion or committed “prejudicial error clearly demonstrated” in striking the motion to dismiss, inasmuch as he then gave the City ten days in which to file a further responsive pleading. See Robinson v. Foland, Fla.App. 1960, 124 So.2d 512. The error, if any, was at the most harmless error. See Section 54.23, Florida Statutes, F.S.A. See also Irvin v. State, Fla.1953, 66 So.2d 288.
Both parties have contended that they were entitled to a final judgment on the pleadings in their favor. Inasmuch as the chancellor has never ruled on the merits of the cause, the question is not properly before us.
Accordingly, the order appealed from is hereby
Affirmed.