336 So.2d 1256 (1976)
John Grey PERIOLAT, Appellant,
v.
Velma Joan PERIOLAT, Appellee.
No. 75-678.
District Court of Appeal of Florida, Second District.
September 15, 1976.
*1257 Robert W. Morrison, Tampa, for appellant.
Fred J. Woods, Jr. of McClain, Turbiville & Woods and Judith Petersen, Tampa, for appellee.
PER CURIAM.
Appellant/husband contends that the trial court lacked jurisdiction to hold him in contempt and award temporary custody of the child to appellee/wife. We reverse the order of contempt and affirm the temporary order of custody.
Appellee, a resident of Hillsborough County, filed her petition for dissolution of marriage on February 4, 1975. She prayed for custody of their five year old son who was then living with her. On the same day, the court issued an order restraining the appellant from coming on the premises where the petitioner and their son resided in Tampa.
Appellant, a resident of Indiana, came to Florida on February 11, 1975, picked up the child, and took him back to Indiana. The record does not reflect that service of process was obtained on appellant.
On March 27, 1975, counsel for appellant filed a motion to dismiss for lack of personal jurisdiction over appellant, and also a motion to dissolve the temporary restraining order. Appellee then filed motions of her own which were heard on April 10, 1975. At this hearing, the court entered an order holding appellant in contempt for failure to appear with the minor child, and also awarding temporary custody of the child to appellee. This interlocutory appeal followed.
Counsel for both parties stipulated in open court that the record on appeal does not show that personal jurisdiction of the appellant was obtained. We agree[1] and, as a consequence, the contempt order is hereby set aside. This holding is without prejudice to the appellee and she should be given the opportunity to prove, if she can, that the court had personal jurisdiction over the appellant.
However, the court did have jurisdiction to enter the order regarding custody, because the child was within the court's jurisdiction when the complaint was filed and the complaint so alleged. Mirras v. Mirras, Fla.App.2d 1967, 202 So.2d 887; Rich v. Rich, Fla.App.4th 1968, 214 So.2d 777; Nieburger v. Nieburger, Fla.App.1st 1968, 214 So.2d 382. Therefore, the trial judge's order in respect to temporary custody is affirmed.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
HOBSON, A.C.J., and GRIMES and SCHEB, JJ., concur.
NOTES
[1] Appellee contended in her brief that appellant waived his attack on personal jurisdiction by also filing a "pleading directed to the merits." This contention is without merit. RCP 1.140(b); Robinson v. Loyola Foundation Inc., Fla.App. 1st 1970, 236 So.2d 154; State v. Shields, Fla. 1955, 83 So.2d 271.