413 So.2d 1192 (1981)
Mary Sue HUBBARD, Appellant,
v.
Gabriel CAZARES and Margaret Cazares, Appellees.
No. 80-1199.
District Court of Appeal of Florida, Second District.
December 14, 1981.
Paul Antinori, Jr., Tampa, for appellant.
Walt Logan, St. Petersburg, Wagner, Cunningham, Vaughan, Genders & McLaughlin, Tampa, and Joel D. Eaton of Podhurst, Orseck & Parks, Miami, for appellees.
DANAHY, Judge.
Gabriel and Margaret Cazares brought this suit against Mary Sue Hubbard and The Church of Scientology of California, Inc. (the Church) for damages based on alleged malicious prosecution, abuse of process, and invasion of privacy. Hubbard, a resident of California, was served with process in that state pursuant to section 48.193(1)(b), Florida Statutes (1979), which asserts "long arm" jurisdiction over a nonresident who, personally or through an agent, commits a tortious act within this state. By a timely motion to quash service of process and to dismiss, Hubbard challenged the trial court's personal jurisdiction over her under the Florida long arm statute. The trial judge denied the motion and Hubbard appeals. We affirm.
Subsequent to the filing of Hubbard's motion to quash and to dismiss, she and the Church each requested a change of venue under section 47.101(1)(b), Florida Statutes (1979). The trial judge responded with an order which Hubbard and the Church appealed to this court in a separate proceeding. We reversed with directions that venue be transferred.[1] Although the Cazareses did not raise the point in the trial court or *1193 before this court, it occurred to us that Hubbard's motion for change of venue was inconsistent with her earlier challenge of the trial court's jurisdiction of her person.[2] Upon consideration of the rules of law which apply in such a situation, we hold that Hubbard's action in requesting a change of venue constituted a waiver of her earlier filed objections to personal jurisdiction.
A defendant who timely asserts a challenge to the court's jurisdiction over the person of the defendant is not prejudiced by participation in the trial of the suit and defending the matter thereafter on the merits. His challenge is preserved and he may obtain a review of the question of personal jurisdiction upon appeal should he suffer an adverse final judgment in the cause. State ex rel. Eli Lilly and Co. v. Shields, 83 So.2d 271 (Fla. 1955). This court followed that rule in Green v. Roth, 192 So.2d 537 (Fla. 2d DCA 1966), in holding that a corporate defendant did not waive its challenge to the personal jurisdiction of the court by joining with other defendants in a motion to dismiss a lis pendens and a motion to increase the bond posted by the plaintiff. A fortiori, while a general appearance in a cause prior to a challenge of personal jurisdiction waives the jurisdictional issue, a general appearance after a timely objection to personal jurisdiction does not. Compare Fulmer v. Northern Central Bank, 386 So.2d 856 (Fla. 2d DCA 1980), with White v. Nicholson, 386 So.2d 74 (Fla. 2d DCA 1980).
However, a timely objection to personal jurisdiction may nevertheless be waived. In jurisdictions which follow the rule that a defense on the merits is not a waiver, the courts have long held that a defendant who goes beyond matters of defense and seeks affirmative relief waives a previously asserted objection to the personal jurisdiction of the court. Receivers of Middlesex Banking Co. v. Realty Inv. Co., 104 Conn. 206, 132 A. 390 (1926); Shurden v. Thomas, 134 So.2d 876 (Fla. 1st DCA 1961). Thus a majority of federal courts have held that the filing of a permissive counterclaim is a request for affirmative relief which waives an objection to personal jurisdiction notwithstanding that the objection is timely made. Hook & Ackerman, Inc. v. Hirsh, 98 F. Supp. 477 (D.C.D. 1951); Annot., 17 A.L.R.Fed. 388 (1973). The specific question in the case before us is whether Hubbard's request for change of venue constituted a request for affirmative relief within the meaning of this general rule. We have found no decision by any Florida court addressing that question.
In two modern cases from other jurisdictions, the courts held that where a request for change of venue preceded a timely objection to the trial court's personal jurisdiction, the movant waived the jurisdictional challenge. Killearn Properties, Inc. v. Lambright, 176 Ind. App. 684, 377 N.E.2d 417 (1978); Sangdahl v. Litton, 69 F.R.D. 641 (S.D.N.Y. 1976). In the Killearn case, the court felt that the motion for change of venue was a request for affirmative relief by which the movant submitted himself to the personal jurisdiction of the court. In the Sangdahl case, the court observed that a motion for change of venue presupposes initial proper jurisdiction in the transferor court.
We hold that a request for change of venue following a timely asserted challenge to personal jurisdiction is a request for affirmative relief which constitutes a waiver of the jurisdictional challenge. In so holding, we perceive a distinction between the motions to dismiss lis pendens and to increase bond considered in Green v. Roth, and a motion for change of venue. In the former case, the motions were clearly matters of defense and the requested action of the court on the motions was the exercise of *1194 jurisdiction of the subject matter of the suit consistent with the challenged personal jurisdiction. Unlike those motions, a motion for change of venue requests the court to exercise its jurisdiction over the movant and is inconsistent with an objection by the movant to the existence of that jurisdiction. In our view, a motion for change of venue goes beyond a defense on the merits.
AFFIRMED.
SCHEB, C.J., concurs with DANAHY, J.
HOBSON, J., dissents with opinion.
HOBSON, Justice, dissenting.
I respectfully dissent.
The majority opinion holds that a party waives a previously filed objection to personal jurisdiction if that party thereafter seeks affirmative relief of the court by filing a request for change of venue.
This court, in Green v. Roth, specifically adopted the order of the circuit court appealed in that case and quoted it at length. The Green case held that when personal jurisdiction is challenged and thereafter a motion to discharge the lis pendens and a motion to increase the bond posted to obtain an injunction are filed, the objection to personal jurisdiction is not waived. The court specifically held that moving the court to increase the bond was asking for affirmative relief.
In my opinion, moving to discharge a lis pendens is also a request for affirmative relief. I think the Green case supports this.
The majority opinion cites the Killearn and Sangdahl cases; however, in each of those cases the request for change of venue was filed prior to the objection to personal jurisdiction and therefore are not applicable to this case.
In attempting to distinguish the motions filed in the Green case from the motion in this case for a change of venue, the majority states that the motions in the Green case "were clearly matters of defense". As pointed out above, the Green case specifically holds that the motion to increase bond was an affirmative request. After stating that the Green motions were matters of defense, the majority goes on to state "and the requested action of the court on the [Green] motions was the exercise of jurisdiction of the subject matter of the suit consistent with the challenged personal jurisdiction". Assuming this statement to be true, I cannot agree that a motion for change of venue requests the court to exercise its jurisdiction over the movant. A motion for change of venue requests the court to move the subject matter of the case to another jurisdiction, thereby exercising the court's jurisdiction over the subject matter of the suit.
Admittedly a motion for change of venue has nothing to do with a defense on the merits, but more importantly, it has nothing to do with any issue involved in the litigation of the merits of the case.
I would hold that a motion for change of venue filed after a challenge to personal jurisdiction does not waive such challenge.
This suit was filed in three counts: I) malicious prosecution; II) abuse of process; and III) invasion of privacy. Service of process was attempted on appellant pursuant to section 48.193(1)(b), Florida Statutes (1979). Appellant moved to quash service of process with a supporting affidavit. This affidavit was sufficient to challenge the service on counts I and II as to the allegations in the complaint. Appellees stood on their allegations in the complaint and offered no proof in support thereof. I would reverse the trial court as to these counts. The supporting affidavit was insufficient to overcome the allegations in count III of the complaint and I would, therefore, affirm as to count III.
NOTES
[1] The Church of Scientology of California, Inc. v. Cazares, 401 So.2d 810 (Fla. 2d DCA 1981).
[2] A similar observation is made in Berard Construction Co., Inc. v. Municipal Court of the Los Angeles Judicial District, 49 Cal. App.3d 710, 122 Cal. Rptr. 825 (Ct.App. 1975). In that case the court noted that California's statutory motion to dismiss on the ground of inconvenient forum is inconsistent with an objection to personal jurisdiction over the movant because it concedes jurisdiction by asking the court to decline to exercise the jurisdiction it constitutionally has.