415 So.2d 892 (1982)
ORANGE MOTORS OF CORAL GABLES, INC., a Florida Corporation, Appellant,
v.
RUEBEN H. DONNELLEY CORPORATION and Fritchman Associates, Inc., Appellees.
No. 81-517.
District Court of Appeal of Florida, Third District.
June 29, 1982.
*894 Shalle Stephen Fine, Miami, for appellant.
Shutts & Bowen and Gregory P. Borgognoni and Eric B. Meyers, Miami, for appellees.
Before SCHWARTZ, NESBITT and JORGENSON, JJ.
NESBITT, Judge.
The plaintiff, Orange Motors of Coral Gables, Inc. (Orange Motors), commenced an action against Rueben H. Donnelley Corporation for negligence in failing to print Orange Motor's listing in the yellow pages of Southern Bell's directory. In August of 1977, Orange Motors obtained leave of the court to join Fritchman Associates, Inc. (Fritchman), a Connecticut corporation, for its participation in the negligent act. When Fritchman failed to timely file an answer or other responsive pleading to the amended complaint, Orange Motors procured a default judgment as to liability pursuant to Florida Rule of Civil Procedure 1.500.
Fritchman filed a motion for relief from the default judgment, pursuant to Florida Rules of Civil Procedure 1.500(d) and 1.540(b)(4), upon the grounds that: (a) service of process was invalid in that plaintiff, in attempting to utilize the method of substituted service, failed to file the requisite affidavit of compliance in accordance with Section 48.161, Florida Statutes (1977); and (b) insufficient facts were alleged in the complaint to justify the use of substituted service over a nonresident doing business in Florida. § 48.181, Fla. Stat. (1977).
Ultimately, the trial court vacated the default, quashed service of process, and dismissed the complaint for failure to allege sufficient facts to justify personal jurisdiction. By agreed order, Orange Motors was given leave to file an amended complaint and did so.
Orange Motor's first argument on appeal is the impropriety of the court's order vacating the default. We entirely agree with the trial court's determination that the default judgment was void. In Rever v. Lapidus, 151 So.2d 61 (Fla. 3d DCA 1963), this court held that the affidavit required by Section 47.30, Florida Statutes (1963) (the predecessor to Section 48.161, supra), is jurisdictional and completion of service without it is not sufficient. Secondly, the plaintiff's bare allegation that the defendant was "doing business in Florida" is insufficient to render the defendant amenable to substituted service of process under Section 48.181, supra. See Connell v. Ott Research & Development, Inc., 377 So.2d 219 (Fla. 3d DCA 1979); Bradford White Corp. v. Aetna Insurance Company, 372 So.2d 994 (Fla. 3d DCA 1979).[1]
We reject appellant's argument that the defendant's motion for a continuance filed after the motion to set aside the default constituted a waiver of defendant's claim of lack of jurisdiction. While it is certainly true that a defendant may not make a general appearance and later repudiate it by attacking the court's jurisdiction over him, where the defendant first challenges the court's jurisdiction and then makes a general appearance,[2] no waiver has *895 occurred. White v. Nicholson, 386 So.2d 74 (Fla. 2d DCA 1980). Consequently, we affirm the order of the trial court which vacated the default judgment.
After the second amended complaint was filed by Orange Motors, Fritchman filed a motion to dismiss. The court granted the motion and dismissed the complaint, thus rendering the order final for purposes of appellate review. Gries Investment Company v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980).
Two distinct issues as to the amenability of the defendant to the jurisdiction of the court were raised in the defendant's motion to dismiss. The first objection challenged the sufficiency of the service of process inasmuch as the complaint was mailed to the counsel for the defendant, but not to the defendant. Because plaintiff's previous service of process was quashed, plaintiff was required to treat the second amended complaint as the original pleading and serve the defendant. Drake v. Scharlau, 353 So.2d 961, 965 (Fla. 2d DCA 1978). Failure to do so requires quashal of the service of process.
Defendant's second contention in its motion to dismiss was that the plaintiff failed to allege sufficient facts to justify jurisdiction under the substituted service of process statute, Section 48.181, supra, or the long-arm statute, Section 48.193, Florida Statutes (1979). The proper method by which to raise such an issue is by motion to abate. Elmex Corporation v. Atlantic Federal Savings and Loan Association of Fort Lauderdale, 325 So.2d 58 (Fla. 4th DCA 1976).
The motion, in essence, must be treated as admitting all facts properly pleaded pertinent to the conduct and activities of the defendant in the forum state and constitutes an assertion that as a matter of law such facts are nevertheless legally insufficient to demonstrate the applicability of the long-arm statute.
325 So.2d at 61. Gauging the complaint by the law in effect at the time the complaint was filed, we would be compelled to agree with the trial court's determination that the complaint was legally insufficient to allege jurisdiction under either the substituted service statute or the long-arm statute. Connell v. Ott Research & Development, Inc., supra.[3] However, we find that the trial court's dismissal without leave to amend was incorrect under the circumstances of this case. Amendments to pleadings should be freely allowed, see Fla.R. Civ.P. 1.190(a), until the privilege has been abused. While it has been held that three attempts to amend the complaint are enough, see Alvarez v. DeAguirre, 395 So.2d 213 (Fla. 3d DCA 1981), the plaintiff has amended his complaint as to this defendant only one time. We find there would be no prejudice at this early stage in the proceedings in allowing the plaintiff another opportunity to amend.
Our determination of this case would be complete at this point, but for Florida Rule of Civil Procedure 1.070(i), effective January 1, 1981, under which the second amended complaint would sufficiently allege jurisdiction (see n. 1). In light of this rule, we see no reason for dismissing the second amended complaint, and causing the plaintiff to file the same pleading under the caption, third amended complaint.[4]
Consequently, we find that while the trial judge was correct in dismissing the complaint under the then applicable law, we reverse the order dismissing the complaint. *896 We affirm as to the quashal of service of process.
Affirmed in part, reversed in part.
NOTES
[1] At the time the complaint was filed, Florida Rule of Civil Procedure 1.070(i) was not yet in effect. That rule provides:

When service of process is to be made under statutes authorizing service on nonresidents of Florida, it is sufficient to plead the basis for service in the language of the statute without pleading the facts supporting service.
[2] We recognize that the Supreme Court, in Public Gas Company v. Weatherhead Company, 409 So.2d 1026 (Fla. 1982), has held that a notice of appearance does not constitute a general appearance thereby waiving the defendant's right to challenge the jurisdiction of the court. However, we distinguish that case from the present in that a motion for continuance at least requests temporal relief and is therefore more than a "neutral and innocuous piece of paper."
[3] Decisions concerning what constituted doing business under Section 48.181 should apply to Section 48.193(1)(a). See Trawick's Florida Practice and Procedure § 8-16.1 (1981).
[4] Of course, if leave to amend had been properly denied, the plaintiff would be unable to benefit from the new rule which became effective after the filing of the second amended complaint.