DOWNEY, Judge.
Appellee sued appellant in four counts for nonpayment of money allegedly owed under a contract for the sale of merchandise. Service of process was obtained via the long arm statute, Chapter 48, Florida Statutes (1984).
The complaint alleged that plaintiff is a Florida corporation and defendant is a resident of the State of Tennessee. It contains four counts: breach of contract, open account, account stated, and goods sold. Each count is based upon a written contract attached as an exhibit, which states: “Payment for Merchandise: All merchandise is handled on a cash on delivery basis.” The complaint does not allege where delivery is to take place, therefore one cannot determine where payment is to be made. Thus, appellee’s reliance on Engineered Storage Systems, Inc. v. National Partitions & Interiors, Inc., 415 So.2d 114 (Fla. 3d DCA 1982), for the general rule that payment is due where the creditor resides absent some other designated place is inapplicable. The complaint is simply inadequate for a court to determine where payment was due and thus inadequate to fall within the provisions of section 48.193(l)(g), Florida Statutes (1984).
One further point appellee makes in its brief needs explanation. It is suggested that Risman v. Whittaker, 326 So.2d 213 (Fla. 4th DCA 1976), indicates that personal service on a nonresident per section 48.194 should be more effective than service through the Secretary of State as agent for service of process. Therefore, argues ap-pellee, personal service on Appellant Tram-mell in Tennessee with allegations of breach of contract is sufficient to subject Trammell to the jurisdiction of Florida courts pursuant to section 48.193(l)(g).
We suggest appellee has misread Ris-man. Both service through the Secretary of State pursuant to section 48.161 and personal service outside the state pursuant to section 48.194 are available to a plaintiff seeking to obtain jurisdiction under section 48.193, the long arm statute. However, neither is available absent sufficient allegations to bring the case within the purview of section 48.193.
Since appellee’s allegations are totally deficient in this regard, we are compelled to reverse the order appealed from.
REVERSED.
HERSEY and BARKETT, JJ., concur.