479 So.2d 867 (1985)
Leo KIMBROUGH, Appellant,
v.
Doreen ROWE, Appellee.
No. 85-480.
District Court of Appeal of Florida, Fifth District.
December 19, 1985.
*868 E. Peyton Hodges, Orlando, for appellant.
Sheldon D. Stevens of Stevens & Peters, P.A., Merritt Island, for appellee.
UPCHURCH, Judge.
This is an appeal from a non-final order denying a motion to dismiss for lack of in personam jurisdiction. Appellant, Leo Kimbrough, contends that the trial court incorrectly subjected him to in personam jurisdiction in Florida for an automobile accident that occurred in South Carolina. We agree and reverse.
This case involves an action for damages arising from a single vehicle accident in South Carolina. The plaintiff/appellee, Doreen Rowe, is a Florida resident attending school in North Carolina. At the time of the accident, she was a passenger in an automobile operated by Leo Kimbrough, who is a resident of North Carolina. Clifford Freeman, a Florida resident, is the owner of the vehicle involved in the accident. Although Freeman was initially named as a co-defendant, the court granted his motion for summary judgment after finding that Freeman had entrusted the automobile to Rowe and was not liable under the dangerous instrumentality doctrine.
The first question presented is whether there was a basis for asserting jurisdiction over Kimbrough under Florida's Long Arm Statute, section 48.193, Florida Statutes (1983). Even though section 48.193 contains an exhaustive list of acts or omissions upon which courts in this state can assert jurisdiction over out-of-state residents, Rowe's pleadings contain no allegations of the jurisdictional grounds for proceeding against Kimbrough. This court has previously held that failure to adequately allege in the complaint a basis for invoking long arm jurisdiction under 48.193 voids any service of process made pursuant to section 48.194, Florida Statutes (1983). Mouzon v. Mouzon, 458 So.2d 381 (Fla.5th DCA 1984). Rowe contends that these jurisdictional requirements are satisfied because the entrustment occurred in Florida and the co-defendant was a Florida resident. We disagree. Personal jurisdiction *869 must exist over Kimbrough, not another party in the same action. The complaint failed to allege entrustment which, by itself, would not subject Kimbrough to jurisdiction under section 48.193. Additionally, the mere fact that personal service was made on Kimbrough in his homestate is not sufficient to subject him to jurisdiction in Florida under the Long Arm Statute. Trammell v. Coral Ridge Interiors, Inc., 457 So.2d 593 (Fla. 4th DCA 1984).
The second question is whether the personal jurisdiction defense was asserted in an appropriate and timely manner. We find that it was. Kimbrough's answer contained a motion to dismiss which stated: "[t]here has been a failure of process and service of process and this court does not have in personam jurisdiction over these defendants." Kimbrough offered to withdraw this defense upon proof of service and jurisdiction. Since proof of service was the only element furnished, the conditions of this offer were never met. After Freeman was dismissed as a defendant, Kimbrough filed a supplemental motion to dismiss on jurisdictional grounds due to failure of service of process and insufficient contacts with Florida. Clearly the defense of lack of jurisdiction was raised in the initial pleadings filed on Kimbrough's behalf.
The final question presented is whether the defense was waived. Rowe contends that Kimbrough's motion for summary judgment alleging a joint venture with Rowe was a request for affirmative relief and constitutes a waiver of the jurisdictional defense. This point has no merit.
Prior Florida decisions have ruled that defensive actions undertaken by defendants do not constitute requests for affirmative relief inconsistent with their initial defense of lack of jurisdiction: Barrios v. Sunshine State Bank, 456 So.2d 590 (Fla. 3d DCA 1984); Orange Motors v. Donnelley, 415 So.2d 892 (Fla. 3d DCA 1982); Public Gas Co. v. Weatherhead Co., 409 So.2d 1026 (Fla. 1982); Periolat v. Periolat, 336 So.2d 1256 (Fla. 2d DCA 1976); Green v. Roth, 192 So.2d 537 (Fla. 2d DCA 1966). On the other hand, a request for affirmative relief has been held to waive the personal jurisdiction defense. Hubbard v. Cazares, 413 So.2d 1192 (Fla. 2d D.C.A. 1981). The Florida supreme court has held that a person who has properly challenged the court's in personam jurisdiction is not prevented from raising the issue on appeal by participating in the trial and defending the matter upon the merits. Eli Lilly v. Shields, 83 So.2d 271, 272 (Fla. 1955). See Robinson v. Loyola Foundation, 236 So.2d 154 (Fla. 1st DCA 1970).
We find that Kimbrough's assertion of a joint venture is a defense as opposed to a request for affirmative relief and thus does not constitute a waiver of the jurisdictional defense.
We conclude that the complaint failed to allege grounds for asserting jurisdiction over Kimbrough. The lack of jurisdiction defense was properly raised and was not waived by Kimbrough's actions. Accordingly, the supplemental motion to dismiss should have been granted.
REVERSED.
COBB, C.J., and ORFINGER, J., concur.