488 So.2d 549 (1986)
Phyllis SCARSO, the Paternal Grandmother, Appellant,
v.
Joseph D. SCARSO and Donna Lindsey f/k/a Donna Scarso, Appellees.
No. 85-2272.
District Court of Appeal of Florida, Fourth District.
April 9, 1986.
Rehearing Denied June 10, 1986.
*550 Linda A. Willis, Cleveland, Ohio, for appellant.
William H. Pruitt, West Palm Beach, for appellee Joseph D. Scarso.
Elaine F. Miller of Miller & Miller, P.A., West Palm Beach, for appellee Donna Lindsey f/k/a Donna Scarso.
HERSEY, Chief Judge.
This is an appeal of a non-final order dealing with custody of a child. Appellant raises two issues which she treats as three points on appeal. The first point we determine to be wholly without merit.
Appellant is the paternal grandmother of the child whose custody is being sought in the courts of Florida and Ohio. Our disposition of the first point affirms the lower court's assumption of jurisdiction in the case based upon the Uniform Child Custody Jurisdiction Act.
Appellant next points out that since she received only seventeen days' notice of the hearing on custody, rather than twenty days as mandated by section 61.1312(2), Florida Statutes (1985), the order must be vacated. While this would ordinarily be a correct position, Trujillo v. Trujillo, 378 So.2d 812 (Fla. 3d DCA 1979), the record discloses that no objection was filed on this basis for well over a year nor was any attack made on the order entered as a result of that hearing. We therefore conclude that the technical deficiency was waived.
Finally appellant correctly contends that the lower court did not obtain personal jurisdiction over her. Appellant initially contested jurisdiction and thereafter sought affirmative relief. Once asserted, the objection based upon lack of jurisdiction over the person is preserved for all purposes and is not waived because affirmative relief is sought. See Campbell v. Landmark First Nat'l Bank of Ft. Lauderdale, 421 So.2d 813 (Fla. 4th DCA 1982); Green v. Roth, 192 So.2d 537 (Fla. 2d DCA 1966). We note, however, that acquisition of jurisdiction over the person of appellant was not a prerequisite to the action of the court in determining the custody issue. Appellant did not have custody of the child at that time. See In the Interest of J.S., 404 So.2d 1144 (Fla. 5th DCA 1981), appeal dismissed, 412 So.2d 467 (Fla. 1982). See also § 61.1322, Fla. Stat. (1985).
Because it is a legally incorrect statement we strike the paragraph numbered (3) of the order appealed, as well as the finding upon which that paragraph is based. In all other respects, we affirm.
AFFIRMED AS MODIFIED.
LETTS and DELL, JJ., concur.