507 So.2d 794 (1987)
CUMBERLAND SOFTWARE, INC., Appellant,
v.
GREAT AMERICAN MORTGAGE CORP., Appellee.
No. 4-86-2784.
District Court of Appeal of Florida, Fourth District.
May 27, 1987.
Rehearing Denied June 16, 1987.
Michael T. Haire of Law offices of Fertig and Gramling, Fort Lauderdale, for appellant.
*795 Kathleen Molchan of Hatch and Marter, Fort Lauderdale, for appellee.
WALDEN, Judge.
This is an appeal from an order denying a motion to dismiss based on lack of jurisdiction. We reverse and remand.
Cumberland Software, Inc. (CSI), a Georgia Corporation, and Great American Mortgage Corp. (GAMC) entered into a contract whereby CSI was to develop and install computer software for GAMC and provide training and consulting services.
Their contract contained the following choice of law and forum selection provisions:
this agreement shall be binding upon the parties, their successors, legal representatives and assigns, and it is mutually understood and expressly agreed that this agreement shall be construed and interpreted according to the laws of the State of Georgia.
It is hereby agreed that the Superior Court of the State of Georgia, County of Cobb, shall have exclusive jurisdiction of any and all actions under or pertaining to this agreement.
A dispute arose concerning performance of the terms of the contract. GAMC sued CSI in Broward County, Florida. CSI filed an answer and counterclaim and then a motion to dismiss based on lack of jurisdiction. The trial court denied the motion to dismiss finding that it was "untimely and without leave of court and jurisdiction has been accepted." It is this order which is before us on appeal.
The dispositive issue is whether CSI waived its right to challenge the jurisdiction of the Florida Court.
According to GAMC, CSI waived its right by filing an answer and a counterclaim. CSI argues that its answer contained the affirmative defenses of lack of subject matter and personal jurisdiction and its counterclaim was purely a defensive action. Therefore, CSI contends that it did not waive its right to challenge the jurisdiction of the court.
If a party takes some step in the proceedings which amounts to a submission to the court's jurisdiction, then it is deemed that the party waived his right to challenge the court's jurisdiction regardless of the party's intent not to concede jurisdiction. Sternberg v. Sternberg, 190 So. 486 (Fla. 1939). Defensive actions taken by a party do not constitute requests for affirmative relief inconsistent with the party's initial defense of lack of jurisdiction. Kimbrough v. Rowe, 479 So.2d 867 (Fla. 5th DCA 1985); Orange Motors of Coral Gables, Inc. v. Rueben H. Donnelley Corp., 415 So.2d 892 (Fla. 3d DCA 1982); and Public Gas Co. v. Weatherhead Co., 409 So.2d 1026 (Fla. 1982). However, a request for affirmative relief does waive the party's objection to personal jurisdiction. Kimbrough; and Hubbard v. Cazares, 413 So.2d 1192 (Fla. 2d DCA 1981), petition for rev. den., 417 So.2d 329 (Fla. 1982).
In the instant case, CSI asserts that its answer did not constitute a waiver of its right to challenge because CSI's seventh and eighth affirmative defenses within the answer assert that the trial court lacked jurisdiction over the subject matter and the person of the appellant. Appellant's argument is correct. The first step which a party takes in a case, whether it be the filing of a preliminary motion or a responsive pleading, must raise the issue of personal jurisdiction or that issue is waived. Rule 1.140(b), Fla.R.Civ.P.; Miller v. Marriner, 403 So.2d 472 (Fla. 5th DCA 1981); and Consolidated Aluminum Corp. v. Weinroth, 422 So.2d 330 (Fla. 5th DCA 1982), petition for rev. den., 430 So.2d 450 (Fla. 1983).
CSI also argues that its counterclaim was purely a defensive measure and did not seek affirmative relief, and therefore, by filing the counterclaim, it did not waive its right to challenge the court's jurisdiction. According to CSI, Rule 1.170(a), Florida Rules of Civil Procedure, required that it file the counterclaim at the time it filed its answer, or its claim would be lost. CSI's argument is similar to that found in M/S Bremen v. Zapata Off-Shore *796 Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).
In Bremen, the parties' contract contained a forum selection clause designating the London High Court of Justice as the forum for any dispute arising out of the contract. After a dispute, Zapata filed a suit in the United States District Court at Tampa. In response, Unterweser filed a motion to dismiss based on the forum clause and then filed an action in the London court. Before the court ruled on Unterweser's motion to dismiss, the statute of limitations to file an action to limit Unterweser's liability was about to run. Therefore, as a protection measure, Unterweser filed an action in the district court to limit its liability. The Supreme Court found that Unterweser's action in filing its limitation complaint was solely a defensive measure which did not waive Unterweser's right to challenge the court's jurisdiction.
GAMC argues that the instant case is unlike Bremen, because appellant did not file a motion to dismiss before filing its answer and counterclaim. Therefore, GAMC asserts that CSI's filing of the counterclaim was not a defensive measure, and instead, it waived CSI's right to challenge the court's jurisdiction. However, GAMC's argument is incorrect.
Rule 1.140(b), Florida Rules of Civil Procedure, specifically states that every defense shall be asserted in a responsive pleading. Additionally, lack of jurisdiction over the person may, at the option of the pleader, be made by motion. Therefore, when CSI, in the instant case, chose to assert its defense in its answer, rather than by motion, it did not waive its right to challenge the court's jurisdiction. As to the counterclaim, because it was compulsory, it would have been waived, if it had not been raised at the time of the answer. Rule 1.170(a), Fla.R.Civ.P. Therefore, like in Bremen, CSI's filing of the counterclaim, in the instant case, was "solely a defensive measure," and CSI did not waive its right to challenge the court's jurisdiction.
Finally, CSI, assuming that it did not waive its right to challenge the jurisdiction of the Florida Court, says that the trial court erred in denying its motion to dismiss based on the enforcement of the forum-selection clause in the contract.
It appears from the trial court's order that it did not rule on whether the forum-selection clause in the contract should be enforced. Instead, the trial court merely denied CSI's motion to dismiss based on the fact that it was untimely and without leave of court. Since the trial court did not rule on the issue raised by CSI, the issue is not properly before this court. See City of Miami v. Aeroland Oil Co., 196 So.2d 31 (Fla. 3d DCA), cert. den., 201 So.2d 557 (Fla. 1967).
Reversed and Remanded for further proceedings consistent herewith.
GLICKSTEIN and GUNTHER, JJ., concur.