PER CURIAM.
The order denying appellant’s motion to set aside a default and default judgment for lack of in personam jurisdiction is reversed. See Klukewich v. Howenstine, 522 So.2d 842 (Fla.1988); Department of Health & Rehabilitative Services v. *832 Wright, 522 So.2d 838 (Fla.1988). We reject appellee’s contention that appellant has waived his right to assert lack of jurisdiction due to an unreasonable delay in seeking to set aside the default. See, e.g., Kennedy v. Richmond, 512 So.2d 1129 (Fla. 4th DCA 1987); Falkner v. Amerifirst Federal Savings & Loan Ass’n, 489 So.2d 758 (Fla. 3d DCA 1986). See also Declaire v. Yohanan, 453 So.2d 375 (Fla. 1984). Nor did appellant’s motion for a stay pending resolution of the jurisdiction issue by the supreme court constitute a waiver. See Cumberland Software, Inc. v. Great American Mortgage Corp., 507 So.2d 794 (Fla. 4th DCA 1987); Orange Motors of Coral Gables, Inc. v. Rueben H. Donnelley Corp., 415 So.2d 892 (Fla. 3d DCA 1982). We reverse and remand with instructions to enter an order in accordance with this opinion.
DELL, GUNTHER and STONE, JJ., concur.