555 So.2d 1267 (1989)
James Gerald LOGAN, Appellant,
v.
Vita MORA, Appellee.
No. 89-2283.
District Court of Appeal of Florida, Third District.
December 19, 1989.
Rehearing Denied February 15, 1990.
Roland Gomez and Steven A. Edelstein, Miami Lakes, for appellant.
James C. Blecke, John B. Ostrow, Miami, for appellee.
Before NESBITT, BASKIN and GERSTEN, JJ.
BASKIN, Judge.
James Gerald Logan, an Australian citizen, appeals a non-final order granting a motion to vacate an order quashing process served upon him. We have jurisdiction, Fla.R.App.P. 9.130(a)(3)(C)(i). We reverse.
A vehicle driven by James Gerald Logan and owned by The Hertz Corporation (Hertz),[1] collided with a car driven by Vita Mora. Mora sued Logan and Hertz for damages she sustained as a result of Logan's allegedly negligent driving. Mora attempted to serve Logan by serving the Secretary of State of the State of Florida in accordance with chapter 48, Florida Statutes (1987). Logan filed a motion to dismiss. He alleged that the process and service were insufficient, and that the court lacked personal jurisdiction over him. The court denied the motion but granted Logan leave to refile the motion and to state its grounds with greater particularity. When Logan filed a motion to quash service of process alleging the same grounds, and adding that the substituted service was defective for failure to comply with sections 48.161 and 48.171, Florida Statutes (1987), the trial court granted the motion. In an effort to persuade the court to vacate the order, Mora attached an attorney's affidavit stating that Mora had complied fully with Section 48.161 by serving the Secretary *1268 of State, sending Logan notice of service by registered mail, and filing a return receipt and notice of filing return of service with the circuit court.[2] The trial court granted the motion to vacate the order quashing service. Logan appeals.
A defense of lack of personal jurisdiction must be raised in or before the party's first pleading, or it is waived. Fla.R. Civ.P.Rule 1.140(b), (h). "Once asserted, the objection based upon lack of jurisdiction over the person is preserved for all purposes and is not waived because affirmative relief is sought." Scarso v. Scarso, 488 So.2d 549, 550 (Fla. 4th DCA 1986). Logan raised the defense of lack of personal jurisdiction in his first motion to dismiss. The trial court denied that motion and Logan repeated the same defenses in his second motion; thus, Logan did not waive the issue of jurisdiction. Cumberland Software Inc. v. Great American Mortgage Corp., 507 So.2d 794 (Fla. 4th DCA 1987); Kimbrough v. Rowe, 479 So.2d 867 (Fla. 5th DCA 1985); Consolidated Aluminum Corp. v. Weinroth, 422 So.2d 330 (Fla. 5th DCA 1982), review den., 430 So.2d 450 (Fla. 1983); Miller v. Marriner, 403 So.2d 472 (Fla. 5th DCA 1981).
The trial court improperly vacated the order quashing service. The trial court was correct in quashing service because Mora did not fulfill the requirements of section 48.161, Florida Statutes (1987). The statutory provisions for substituted service are construed strictly, Panter v. Werbel-Roth Securities, Inc., 406 So.2d 1267 (Fla. 4th DCA 1981); George Fischer Ltd. v. Plastiline, Inc., 379 So.2d 697 (Fla. 2d DCA 1980), and, absent strict compliance, the circuit court lacks jurisdiction over the defendant. Gloucester Engineering, Inc. v. Mendoza, 489 So.2d 141 (Fla. 3d DCA 1986); Orange Motors of Coral Gables, Inc. v. Rueben H. Donnelley Corp., 415 So.2d 892 (Fla. 3d DCA 1982); Smith v. Import Birds, Inc., 461 So.2d 1026 (Fla. 4th DCA 1985).
Section 48.161 provides that service on a nonresident shall be made by mailing a copy of the process to the Secretary of State.[3]
Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his attorney of compliance shall be filed on or before the return day of the process.
§ 48.161, Fla. Stat. (1987). Failure to file a return receipt of registered or certified mail is fatal to valid service of process. Bejar v. Garcia, 354 So.2d 964 (Fla. 3d DCA 1978); Leviten v. Gaunt, 347 So.2d 452 (Fla. 3d DCA 1977); Zarcone v. Lesser, 190 So.2d 805 (Fla. 3d DCA 1966). Applying these principles, we conclude that Logan was not served in accordance with the statute. Although the Secretary of State was served, no return receipt of notice to Logan appears in the record. The affidavit stating that a return receipt was filed is not supported by the required return. Thus, the trial court's order quashing service was proper and should not have been vacated.
Reversed and remanded.
NOTES
[1] Hertz was a defendant in the trial court proceeding, but is not a party to this appeal. Hertz retained counsel to represent Logan in these proceedings.
[2] The trial court docket sheet does not indicate that a return receipt was filed. That fact was confirmed by a certificate from the court clerk.
[3] Pursuant to section 48.171, Florida Statutes (1987), the Secretary of State is the agent for service of process for a nonresident motor vehicle owner/operator in any civil action begun in the courts of the state against such owner/operator.