572 So.2d 552 (1990)
Frank DIMINO, Appellant,
v.
John J. FARINA, Appellee.
No. 90-0254.
District Court of Appeal of Florida, Fourth District.
December 19, 1990.
*553 Joel D. Kenwood of Woods, Oviatt, Gilman, Sturman & Clarke, Boca Raton, for appellant.
Captain Edward R. Fink, C/O Ruf & Carsky, P.A., Fort Lauderdale, for appellee.
HERSEY, Chief Judge.
This case concerns the effect of certain procedural steps on the efficacy of continuing personal jurisdiction originally acquired by service of process under the Florida long-arm statute.
Appellee filed an amended complaint for breach of contract and for a declaratory judgment and effected service of process under the long-arm statute. Appellant filed a motion to dismiss for lack of jurisdiction and a motion to dismiss for failure to state a cause of action. The motion to dismiss for lack of jurisdiction alleged that there was no basis for exercising long-arm *554 jurisdiction over appellant, a permanent resident of New York. The trial court granted both of these motions.
Appellee filed a second amended complaint and mailed a copy to appellant's counsel. Appellant responded by filing a Motion to Dismiss for Lack of Jurisdiction together with a Motion to Quash Process and Service of Process. In addition, appellant filed a Motion for Change of Venue. The trial court denied the motion to dismiss and the motion to quash. It did not address venue. This order denying the motions is the subject of the present appeal.
Appellant argues that because appellee failed to treat the second amended complaint as the original pleading and effect service of process in accordance with section 48.194, Florida Statutes (1989), the trial court's order denying the motion to quash process should be reversed. Appellee, on the other hand, contends that since the original service of process was not quashed when the trial court dismissed the amended complaint for lack of jurisdiction, the original service of process remained valid.
Section 48.194 provides in part that:
48.194 Personal service outside state
Service of process on persons outside of this state shall be made in the same manner as service in this state by any officer authorized to serve process in the state where the person is served. No order of court is required. An affidavit of the officer shall be filed, stating the time, manner, and place of service. The court may consider the affidavit, or any other competent evidence, in determining whether service has been properly made.
In order to utilize this statute the complaint must allege a valid cause of action for the exercise of long arm jurisdiction pursuant to section 48.193, Florida Statutes (1989). Hargrave v. Hargrave, 495 So.2d 904 (Fla. 1st DCA 1986); Mouzon v. Mouzon, 458 So.2d 381 (Fla. 5th DCA 1984); Wynn v. Aeta Life Ins. Co., 400 So.2d 144, 145 (Fla. 1st DCA 1981). See § 48.193(3). In fact, Florida courts have consistently held that the "[f]ailure to adequately allege in the complaint a basis for long arm jurisdiction under 48.193 voids any service of process made pursuant to section 48.194... ." Mouzon, 458 So.2d at 383; Hargrave; Shammay v. Shammay, 467 So.2d 1040 (Fla. 3d DCA 1985); Wynn; Electro Eng'g Products Co. v. Lewis, 352 So.2d 862, 864 (Fla. 1977) (affirming trial court's denial of a motion to dismiss because "service of process was properly predicated upon a sufficient allegation of jurisdictional facts warranting the exercise of personal jurisdiction over these foreign corporations"). When the trial court granted appellant's Motion to Dismiss Amended Complaint for Lack of Jurisdiction, the court effectively voided the original service of process and appellee was required to reserve appellant with the second amended complaint.
Appellee argues that appellant waived his rights to challenge the service of process and jurisdiction when he moved to change venue. In support of his argument, appellee relies upon the second district decision of Hubbard v. Cazares, 413 So.2d 1192 (Fla. 2d DCA 1981), rev. denied, 417 So.2d 329 (Fla. 1982), disagreed with, State v. Omega Painting, Inc., 463 N.E.2d 287 (Ind. App. 1 Dist. 1984). However, appellant claims that because he raised the issues of lack of jurisdiction and improper service of process as the first step in the action, the issues were not waived when he later filed his motion for change of venue. For the following reasons, it is clear that appellant did not waive the jurisdictional and service of process issues.
In Kimbrough v. Rowe, 479 So.2d 867 (Fla. 5th DCA 1985), the general law concerning waiver of a jurisdiction defense is explained as follows:
Defensive actions undertaken by defendants do not constitute requests for affirmative relief inconsistent with their initial defense of lack of jurisdiction: Barrios v. Sunshine State Bank, 456 So.2d 590 (Fla. 3d DCA 1984); Orange Motors v. Donnelley, 415 So.2d 892 (Fla. 3d DCA 1982); Public Gas Co. v. Weatherhead Co., 409 So.2d 1026 (Fla. 1982); Periolat v. Periolat, 336 So.2d 1256 (Fla. 2d DCA 1976); Green v. Roth, 192 So.2d 537 *555 (Fla. 2d DCA 1966). On the other hand, a request for affirmative relief has been held to waive the personal jurisdiction defense. Hubbard v. Cazares, 413 So.2d 1192 (Fla. 2d DCA 1981). The Florida supreme court has held that a person who has properly challenged the court's in personam jurisdiction is not prevented from raising the issue on appeal by participating in the trial and defending the matter upon the merits. Eli Lilly v. Shields, 83 So.2d 271, 272 (Fla. 1955).
As previously noted, appellee relies upon Hubbard v. Cazares to support his argument that appellant waived his jurisdictional defense by filing the motion to change venue. In Hubbard, the second district held that:
a request for change of venue following a timely asserted challenge to personal jurisdiction is a request for affirmative relief which constitutes a waiver of the jurisdictional challenge. In so holding, we perceive a distinction between the motions to dismiss lis pendens and to increase bond considered in Green v. Roth, [192 So.2d 537 (Fla. 2d DCA 1966)], and a motion for change of venue. In the former case, the motions were clearly matters of defense and the requested action of the court on the motions was the exercise of jurisdiction of the subject matter of the suit consistent with the challenged personal jurisdiction. Unlike those motions, a motion for change of venue requests the court to exercise its jurisdiction over the movant and is inconsistent with an objection by the movant to the existence of that jurisdiction. In our view, a motion for change of venue goes beyond a defense on the merits.
Id. at 1193-1194 (emphasis added). While the Hubbard decision directly supports appellee's waiver argument, there are at least two reasons why this court declines to follow Hubbard.
First, it seems apparent that the Hubbard decision incorrectly classified a motion for change of venue as a request for affirmative relief. Clearly, appellant's motion to change venue was a defensive measure and did not waive the jurisdictional issue. Rule 1.140(b), Florida Rules of Civil Procedure, classifies both improper venue and lack of jurisdiction over the person as "defenses" which shall be asserted by responsive pleading or by motion at the option of the pleader. The rule states:
Any ground not stated shall be deemed to be waived except any ground showing that the court lacks jurisdiction of the subject matter may be made at any time. No defense or objection is waived by being joined with other defenses or objections in a responsive pleading or motion.
Further, rule 1.140(h)(1) provides:
A party waives all defenses and objections that he does not present either by motion under subdivisions (b), (e) or (f) of this rule or, if he has made no motion, in his responsive pleading... .
Because appellant would otherwise have waived the defense of improper venue, the motion was defensive in nature rather than a request for affirmative relief, and his challenge to the court's jurisdiction was not waived by being joined with the motion for change of venue. Rule 1.140(b).
In Cumberland Software, Inc. v. Great American Mortgage Corp., 507 So.2d 794 (Fla. 4th DCA 1987), this court held that because a compulsory counterclaim would have been waived if it had not been raised at the time of the answer, it was "solely a defensive measure." Accordingly, appellant had not waived its right to challenge the court's jurisdiction. Id. at 796. See also Kimbrough v. Rowe, 479 So.2d 867 (Fla. 5th DCA 1985) (assertion of a joint venture is a defense rather than a request for affirmative relief and thus not a waiver of the jurisdictional defense).
Second, and more importantly, the second district's decision in Hubbard conflicts with this court's decision in Scarso v. Scarso, 488 So.2d 549 (Fla. 4th DCA 1986). In Scarso, we held that, "[o]nce asserted, the objection based upon lack of jurisdiction over the person is preserved for all purposes and is not waived because affirmative relief is sought." Id. at 550 (emphasis added). See also Logan v. Mora, 555 So.2d 1267 *556 (Fla. 3d DCA 1989) (following Scarso). Thus, even if appellant's motion to change venue were considered as a request for affirmative relief, appellant did not waive his jurisdictional objection under Scarso.
After entry of the order on appeal, appellant filed in the trial court a motion to stay proceedings, and the trial court abated proceedings for thirty days and gave appellant an extension of thirty days to answer or respond. After appellee filed a motion for temporary or permanent injunction, appellant filed an emergency motion to stay proceedings. The trial court denied the emergency motion to stay and gave appellant twenty days to respond. Appellee filed a motion for default. Appellant then filed in this court a motion to stay trial court proceedings and a motion to expedite consideration of the motion to stay. Three days before the scheduled hearing on the motion for default, appellant filed an answer. Four days later, this court granted appellant's motions to stay and to expedite.
In appellee's supplemental brief, he argues that appellant's motions for stays are requests for affirmative relief which constitute waivers of his jurisdictional challenge. This argument is meritless.
In Fell v. Lesher, 529 So.2d 831 (Fla. 4th DCA 1988), this court determined that a motion for a stay pending resolution of a jurisdiction issue by the supreme court did not constitute a waiver. The Fell court relied on Cumberland Software, Inc. v. Great American Mortgage Corp., 507 So.2d 794 (Fla. 4th DCA 1987), which stated that, "defensive actions taken by a party do not constitute requests for affirmative relief inconsistent with the party's initial defense of lack of jurisdiction." Id. at 795.
Thus, under Fell, appellant's motions to stay did not constitute a waiver of his jurisdictional challenge.
Appellee also argues that by filing the motions to stay specifically grounded on his argument that to answer would waive the jurisdictional issue, appellant is now estopped from arguing that his answer did not constitute a waiver. This argument is also meritless.
Because this court had not yet granted the motion to stay and the motion to expedite, appellant either had to file his answer when he did or have a default entered against him. Appellant chose to file an answer wherein he included as affirmative defenses his previously-asserted jurisdictional and service of process challenges. Admittedly, "[a] defendant is always free to ignore the judicial proceedings, risk a default judgment and challenge it on jurisdictional grounds." Insurance Corp. of Ireland, Ltd. v. Campaigne des Bauxites de Guinee, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). However, it seems unreasonable to find that the existence of this hazardous option in any way deprived appellant's answer of its basically defensive nature.
The elements of the rule of estoppel forbidding the successful assertion of inconsistent positions in litigation were summarized in the case of Palm Beach Co. v. Palm Beach Estates, 110 Fla. 77, 148 So. 544, 549 (1933):
The real meaning of the rule concerning estoppels of the kind relied on by appellees is that a party, who in an earlier suit on the same cause of action, or in an earlier proceeding setting up his status or relationship to the subject-matter of his suit, successfully assumes a factual position on the record to the prejudice of his adversary, whether by verdict, findings of fact, or admissions in his adversary's pleadings operating as a confession of facts he has alleged, cannot, in a later suit on the same cause of action, change his position to his adversary's injury, whether he was successful in the outcome of his former litigation or not. The converse of the rule just stated is that, where a state of facts is alleged in a pleading by one party, but is denied by the opposite party, who prevails by verdict or findings of the court in sustaining his denial, the party who has successfully assumed a position of denial of his adversary's alleged facts is likewise estopped to question his adversary's subsequent *557 allegation in a new litigation, of a different state of facts. This is so, because, for aught that appears to the contrary, the successful party's denial of his adversary's allegations may have been upheld because of the negative implied in the existence of the different state of facts alleged in the new suit.
Id. 148 So. at 549 (emphasis added).
Clearly, to give rise to an estoppel, the inconsistent position first asserted must have been successfully asserted. Palm Beach Co.; Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979) (holding that defendant became estopped to assert the limitations defense by successfully asserting a legal position earlier in litigation between the parties which was inconsistent with its present one and which was responsible for the assertedly fatal delay in filing the instant action), cert. denied, 378 So.2d 342 (Fla. 1979).
Here, appellee claims that appellant successfully asserted in his motions to stay that an answer would waive his jurisdictional objection. While it is true that appellant was successful in the strictest sense because this court entered an order that granted his motions to stay and to expedite, the order had no actual effect since it was not entered until after the default hearing was scheduled and appellant had chosen to answer. Because the doctrine of estoppel is based on equitable considerations, Grauer v. Occidental Life Ins. Co., 363 So.2d 583 (Fla. 1st DCA 1978), cert. denied, 372 So.2d 468 (Fla. 1979), the fact that appellant's previous position neither gave him any advantage nor in any way disadvantaged appellee, indicates that the inconsistent position was not in fact successful. Thus we decline to apply estoppel here.
REVERSED AND REMANDED.
STONE and GARRETT, JJ., concur.