DOWNEY, JAMES C., Senior Judge.
Appellant, E.H. Darby, appeals from a final judgment in favor of Hurricane Harbor Yacht Center and Boatyard, Inc. awarding damages for maintaining and storing the motor vehicle “Mary Jane,” owned by Darby.
This action commenced with the filing of a complaint by Hurricane Harbor against Darby and the vessel.[1] Since Darby was a nonresident of Florida residing in Alabama the complaint asserted long arm jurisdiction over Darby based upon section 48.193(l)(g), Florida Statutes (1991). Personal service of process was attempted without success at a place where Darby had allegedly worked in Colbert County, Alabama and later at his residence in Florence, Alabama. The latter attempt at service was allegedly effected by nailing an alias summons on the door of Darby’s residence. Darby filed a motion to dismiss for lack of jurisdiction due to insufficiency of service of process which was denied. Whereupon an answer was filed alleging, inter alia, lack of jurisdiction. In due course, the cause was set for trial, Darby’s counsel withdrew and Darby requested a *556 continuance of the trial date until he could obtain counsel. The request was granted and the court continued the trial date conditioned upon Darby’s paying appellee double storage charges until the matter was disposed of. The case ultimately was tried and the judgment appealed from entered in favor of appellee.
Darby contends on appeal that he was never properly served with process and that he never waived the defect. Our perusal of the record convinces us that Darby is correct. Hurricane Harbor’s efforts to effect service on Darby under the long arm statute simply did not meet muster. None of the activity by the Sheriff’s Office in Alabama would suffice as personal service if attempted in Florida — and that is what the pertinent statute requires. Mouzon v. Mouzon, 458 So.2d 381 (Fla. 5th DCA 1984). Nor can Hurricane Harbor obtain any succor from Darby’s appearance in the Florida proceeding. Neither the motion to dismiss for lack of jurisdiction (erroneously denied by the trial court) nor the subsequent request for a continuance of the trial while Darby obtained new counsel constitutes a waiver of the special appearance. See Dimino v. Farina, 572 So.2d 552 (Fla. 4th DCA 1990).
In view of the foregoing, we hold that jurisdiction was never obtained over Darby due to insufficient service of process. The trial court erred in denying Darby’s motion to dismiss on that account and the subsequent proceedings must be held for naught.
Accordingly, the judgment appealed from is reversed.
GLICKSTEIN and FARMER, JJ., concur.

. The vessel was later dismissed for lack of jurisdiction.