DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**L. ANTON REBALKO,**
Appellant,

v.

**IHAB** and **JESSICA ATALLAH,**
Appellees.

No. 4D20-2022

[March 17, 2021]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. CACE20-004651.

L. Anton Rebalko, Fort Lauderdale, pro se.

David W. Langley of David W. Langley, P.A., Plantation, for appellees.

MAY, J.

A property seller appeals a trial court order denying his motion to quash service of process. The seller argues the trial court erred in determining that filing two notices of deposition constitutes a request for affirmative action, thereby waiving personal jurisdiction. We agree and reverse.

The seller is a practicing attorney, who drafted the sales contract and deleted the standard attorney's fee provision. The buyers filed suit, alleging they learned of numerous factors that materially affected the value of, and title to, the property. They alleged the seller struck the attorney's fee provision because he anticipated litigation and wanted the buyers to incur attorney's fees they could not recover from him.

The seller moved to quash service of process, alleging he was served with an expired summons. The buyers responded the seller waived any defenses to service of process by filing two notices of deposition. The court held a hearing on the seller's motion.

At the hearing, the seller argued that although he filed two notices of deposition, his motion to quash service of process was his first general

appearance before the court. The trial court denied the seller's motion, finding the seller had submitted himself to the court's jurisdiction.

The seller now appeals.

We have de novo review of an order determining the validity of service of process. *Hernandez v. State Farm Mut. Auto. Ins. Co.*, 32 So. 3d 695, 698 (Fla. 4th DCA 2010).

If a party takes "some step" in the proceedings amounting to submission to the court's jurisdiction, then the party's right to challenge the court's jurisdiction is deemed waived. *Cumberland Software, Inc. v. Great Am. Mortg. Corp.*, 507 So. 2d 794, 795 (Fla. 4th DCA 1987). "Because the assertion of jurisdiction is a personal right of a defendant, 'a defendant waives a challenge to personal jurisdiction by seeking affirmative relief—such requests are logically inconsistent with an initial defense of lack of jurisdiction.'" *Cepero v. Bank of N.Y. Mellon Tr. Co., N.A.*, 189 So. 3d 204, 206 (Fla. 4th DCA 2016) (quoting *Babcock v. Whatmore*, 707 So. 2d 702, 704 (Fla. 1998)).

The issue is whether the seller's filing of two notices of deposition constitutes "some step" in the proceedings amounting to submission to the court's jurisdiction. *See Cumberland*, 507 So. 2d at 795. The buyers say yes; the seller says no. The seller is correct.

"We have held that mere requests for discovery do not constitute a request for affirmative relief." *Cepero*, 189 So. 3d at 206–07. Here, the seller's first appearance was at the hearing on his motion to quash service of process. He therefore did not waive personal jurisdiction.

*Reversed and remanded for proceedings consistent with this opinion.*

WARNER and CONNER, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**