FARMER, J.
In this action by a newspaper to gain access to public records concerning the care of minor children, the trial judge determined that the circuit court in Palm Beach County had jurisdiction of the matter, that formal service of process against the agency maintaining the records in Palm Beach County was unnecessary, and that venue was proper here. We affirm in all respects.
The State of Florida brought a criminal prosecution against certain parents accusing them of criminal neglect of minor children. While the criminal case was pending, the Sun-Sentinel filed a petition with the judge presiding over the criminal case seeking access to investigative files maintained by the Florida Department of Children and Families (DCF) concerning these children.[1] Sun-Sentinel served DCF electronically with a fax copy of the petition. On the next day, DCF filed a motion to dismiss the petition, arguing insufficiency of process, lack of jurisdiction in the court, and improper venue. The trial court denied the motion in all respects.[2]
We agree with Sun-Sentinel that in this instance DCF waived its challenge to the sufficiency of service by seeking a transfer of venue to Leon County. See Babcock v. Whatmore, 707 So.2d 702 (Fla.1998) (holding that defendant waives challenge to personal jurisdiction by seeking affirmative relief because such requests are logically inconsistent with initial defense of lack of jurisdiction); Hubbard v. Cazares, 413 So.2d 1192, 1193 (Fla. 2d *792 DCA 1981), rev. denied, 417 So.2d 329 (Fla.1982) (request for change of venue following timely challenge to personal jurisdiction is request for affirmative relief constituting waiver of jurisdictional challenge).
We find no error with the trial court’s denial of a change of venue. Although it is true that ordinarily a state agency has a common law right under the general venue statute[3] to be sued only in the county where it has its headquarters— in this instance, Leon County — that right does not apply here. One of the permissible bases for venue under the general venue statute is the place where the property in litigation is located. In this case, the documents to which access is sought are being maintained by DCF here in Palm Beach county. Sun-Sentinel seeks no judgment against DCF or the State of Florida respecting money or its official, non-record-keeping policies. Instead, it merely seeks to exercise its right of access to public records maintained within the jurisdiction of the circuit court. In the cases upholding the “home court” privilege of agencies of the state government, almost universally they involve actions seeking judgment directly against the agency for money damages or for declaratory relief binding the agency in regard to some policy or practice of the agency itself. See, e.g., Fla. Pub. Serv. Comm’n v. Triple “A” Enters., Inc., 387 So.2d 940, 942 (Fla.1980); Carlile v. Game & Fresh Water Fish Comm’n, 354 So.2d 362, 366 (Fla.1977); Dep’t of Cmty. Affairs v. Holmes County, 668 So.2d 1096, 1102 (Fla. 1st DCA 1996); Navarro v. Barnett Bank of West Fla., 543 So.2d 304 (Fla. 1st DCA 1989).
We think it would severely burden the right of access to public records to require that all such actions in court to vindicate that right be deemed within the home court privilege of state government. To do so is to require all those seeking access to inspect records actually maintained in an applicant’s home county elsewhere to tread their way to Tallahassee to bring a judicial proceeding just to settle the right to do so. There is absolutely nothing in the Public Records laws to suggest such an interpretation of the general venue statute, and everything implicit in the Public Records laws indicates that such a burden was never intended.
The home court privilege of public agencies is a judicially created embellishment on the general venue statute. Bd. of County Comm’rs of Madison County v. Grice, 438 So.2d 392, 394 (Fla.1983) (“Florida is one of the jurisdictions in which the home county venue privilege for government bodies is derived from judicial development of the common law rather than legislative act.”). None of the policies that motivated the adoption of the home court privilege are present in this case. These policies are seen in Smith v. Williams, 160 Fla. 580, 35 So.2d 844 (1948), where the court explained:
“[I]n order to promote orderly, efficient, and economical government, controversies involving the proper interpretation to be given rules and regulations promulgated by state agencies ought to be concentrated at the seat of state government where such state agencies are located, where such rules and regulations are promulgated, and where such suits can be defended at a minimum expenditure of effort and public funds. Such concentration of litigation manifestly makes for uniformity of interpretation of rules and regulations promulgated by such state instrumentalities and prevents conflicting judicial rulings in different jurisdictions resulting in decrees *793 binding only in the counties where rendered and serving only to protect parties to the suits from the operation only of unlawful acts shown to have been actually committed within such particular jurisdictions.”
Id. at 847. In Carlile, the court added that “[the privilege] promotes orderly and uniform handling of state litigation and helps to minimize expenditure of public funds and manpower.” 354 So.2d at 364. As the court made clear in Grice:
“courts [have] recognized that even under modern venue statutes the right of governmental defendants to insist on venue at their headquarters is not absolute. Modern methods of communication and transportation have weakened the policy reasons supporting the privilege while current crowded court docket conditions have strengthened the policy reasons for avoiding duplicative litigation if possible.” [c.o.]
438 So.2d at 394. In Grice the court waived its judicially created home court privilege in a case in which the governmental agency was being sued as a joint tortfeasor, saying there would otherwise have to be duplicative proceedings in different counties. If that reason is sufficient to waive the home court privilege, surely the circumstances here are even more so. It is access to public records maintained locally that this state agency has denied.
As the supreme court made clear in Carlile in its recognition of exceptions to the home court privilege:
“Under exceptional circumstances, a complainant may be entitled to sue a public official or board in a county other than that of his or its official residence. One recognized exception to the rule exists where an unlawful invasion of a lawful right secured to the plaintiff by the Constitution or laws of the jurisdiction is directly threatened in the county where the suit is instituted. Parties seeking relief from alleged threats to their personal and property rights by the operation of unconstitutional acts of an agency of the state may bring suit in the county where the alleged wrongs are threatened or alleged to have been committed.”
Carlile, 354 So.2d at 365-66. The exception we apply today is proper because this governmental agency, DCF, has denied the right of inspection of public records in Palm Beach County, not in Leon County. The agency performed its act of denial here, not at the home office. Here is where the legal action to rectify that denial should take place.
Hence we think the correct use of the general venue statute in a case involving access to public records entirely located in one county is that such an action may be brought where the records are being kept and where access is being denied.
AFFIRMED.
WARNER, J., concurs.
SHAHOOD, J., concurs in part and dissents in part with opinion.

. See § 119.07(7), Fla. Stat. (2002).

. The criminal case was dismissed a few days before the court entered the order denying the motion to dismiss.

. See § 47.011, Fla. Stat. (2002) (actions may be brought only in county where defendant resides, cause of action accrued, or property in litigation is located).