841 So.2d 612 (2003)
FLORIDA DEPARTMENT OF INSURANCE, DIVISION OF RISK MANAGEMENT, Appellant,
v.
Frank AMADOR, Appellee.
No. 3D02-2905.
District Court of Appeal of Florida, Third District.
April 2, 2003.
*613 Vernis & Bowling of Miami, P.A. and Patrick H. Gonyea; Littler Mendelson, P.C. and Scott A. Forman, North Miami, for appellant.
James H. Greason, Miami, for appellee.
Before GREEN and RAMIREZ, JJ., and NESBITT, Senior Judge.
GREEN, J.
The Department of Insurance appeals a non-final order denying its motion to dismiss due to improper venue. For the following reasons, we reverse.
Appellee, Frank Amador, formerly employed by Florida International University ("FIU"), was sued in 1997 by two individuals for alleged acts committed by Amador in the course and scope of his employment at FIU. The Department of Insurance ("the Department") provided counsel to Amador to defend against these suits. In February of 2001, the Department withdrew its provided representation, and Amador secured his own counsel to represent him. The Department reimbursed Amador for his legal costs until August of 2001, when it advised Amador that it would no longer reimburse his legal fees or indemnify him against any adverse judgment. A few months later, both lawsuits against Amador were dismissed.
Amador filed suit against the Department, claiming that the Department's withdrawal of legal representation constituted a breach of contract. The Department moved to dismiss the case due to improper venue pursuant to the "home venue privilege." The trial judge heard argument, and ultimately denied the motion to dismiss. This appeal follows.
The Department argues that the trial judge erred in refusing to dismiss the case because under Florida's "home venue privilege," the proper venue in this suit would be Leon County, Florida, where the Department's principle agency headquarters is located. Amador claims that valid exceptions to the home venue privilege apply, and therefore, he was correct in bringing suit in Miami-Dade County.
The home venue privilege is a long-established principle of Florida common law which, absent waiver or exception, entitles the state or one of its agencies or subdivisions in civil actions to sue or be sued in the county where the agency or subdivision maintains its principle headquarters. Carlile v. Game & Fresh Water Fish Comm'n, 354 So.2d 362, 363-64 (Fla. 1977). The privilege is intended to promote orderly and uniform handling of state litigation, and help minimize expenditure of public funds and manpower. Id. at 364. There are three recognized exceptions to the home venue privilege: (1) statutory waiver; (2) state agency as joint tortfeasor; and (3) state agency as "sword-wielder." Amador contends that both the joint tortfeasor and sword-wielder exceptions apply to this case. We disagree.
Amador argues that the joint tortfeasor exception applies because the Department's co-defendants in this case are being sued in tort; however, in order for the joint tortfeasor exception to apply, the state agency itself must be sued as a joint tortfeasor. See Bd. of County Comm'rs of Madison County v. Grice, 438 So.2d 392, 394 (Fla.1983); Dep't of Mgmt. Svcs. V. Fastrac Constr., 701 So.2d 1200, 1201 (Fla. 5th DCA 1997). We have before us a simple breach of contract claim by Amador against the Department; therefore, this exception is not implicated.
*614 The sword-wielder doctrine, which Amador also claims is applicable here, applies only in cases where the official state action being complained of has been or is being performed in the county where the suit is filed, or when the threat of such action in said county is both real and imminent. Carlile, 354 So.2d at 363 (citing Smith v. Williams, 160 Fla. 580, 35 So.2d 844 (1948)). The purpose is to enable plaintiffs to obtain direct judicial protection from an alleged unlawful invasion of fundamental constitutional rights within the county where the suit was initiated. Id. at 365. Florida common law also acknowledges the application of the sword-wielder doctrine where plaintiffs' personal property rights are threatened. See e.g., Dep't of Labor & Employment Sec. v. Lindquist, 698 So.2d 299, 303 (Fla. 2d DCA 1997)(finding plaintiff sufficiently articulated claims for deprivation of procedural due process in personal property interest to support application of sword wielder doctrine to deprive state agency of home venue privilege).
Amador's suit against the Department is not "in the nature of a shield against the state's thrust," as no constitutionally guaranteed right or property interest was infringed upon. See Monroe County v. Graham, 493 So.2d 74, 75 (Fla. 3d DCA 1986). There is no constitutional right in Florida to have one's attorney's fees paid. Furthermore, Amador is not entitled by statute to have his fees paid under § 111.07, Florida Statutes[1], as individual application of § 111.07 is to be decided by the respective governmental unit (i.e. the Department), not the judiciary. See Nuzum v. Valdes, 407 So.2d 277, 279 (Fla. 3d DCA 1981). In short, Amador may not characterize this breach of contract claim against the Department as an unconstitutional taking of a property interest so as to invoke the sword wielder doctrine. Dep't of Corrections v. Ross, 680 So.2d 622, 623 (Fla. 5th DCA 1996); see also Fla. Agency for Health Care Admin. v. St. John's Med. Plans, Inc., 674 So.2d 911, 912 (Fla. 3d DCA 1996)(finding that contract claim may not be presented as inverse condemnation action to qualify as exception to home venue privilege under sword wielder exception).
Thus, for the reasons expressed herein, we reverse the order denying the motion to dismiss and remand with directions that the trial court transfer this cause to Leon County, Florida.
Reversed and remanded with directions.
NOTES
[1] Section 111.07, Florida Statutes (2001), provides, in pertinent part:

Any agency of the state, or any county, municipality, or political subdivision of the state, is authorized to provide an attorney to defend any civil action arising from a complaint for damages or injury suffered as a result of any act or omission of action or any of its officers, employees, or agents for an act or omission arising out of and in the scope of his or her employment....