903 So.2d 963 (2005)
The SCHOOL BOARD OF OSCEOLA COUNTY, Florida, Appellant,
v.
STATE BOARD OF EDUCATION, Appellee.
No. 5D04-2008.
District Court of Appeal of Florida, Fifth District.
April 22, 2005.
Rehearing Denied June 20, 2005.
*965 Usher Larry Brown and Erin J. O'Leary, of Brown, Garganese, Weiss & D'Agresta, P.A., Orlando, for Appellant.
Charles J. Crist, Jr., Attorney General and Douglas B. MacInnes, Senior Assistant Attorney General and George L. Waas, Special Counsel, Tallahassee, for Appellee.
ORFINGER, J.
The School Board of Osceola County, Florida ("OCSB"), appeals a non-final order of the circuit court granting the State Board of Education's motion to change venue to Leon County. This Court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(A). We find no error and affirm.
OCSB filed suit against the State Board in the circuit court of Osceola County, Florida, seeking a judgment declaring Florida's charter school statute, section 1002.33, Florida Statutes (2003), facially unconstitutional and unconstitutional as applied. In addition, OCSB sought to declare invalid certain actions and orders of the State Board regarding three charter school applications submitted to OCSB.[1] Lastly, OCSB sought to enjoin the State Board from taking any action against it as a result of its responses to the State Board's decisions regarding these three charter applications. The State Board moved to change venue to Leon County, asserting its home venue privilege, and arguing that its headquarters, as well as the principal office of the State Department of Education, are both located in Leon County. After the trial court granted the State Board's motion, this appeal followed.
When a trial court changes venue from one proper location to another, we review that order using an abuse of discretion standard. Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 630 (Fla. 1st DCA 1999). On the other hand,
[w]hether venue is proper in a particular forum, however, is not a matter of judicial discretion. If there is no legal basis to support the plaintiff's choice of venue, the trial court must dismiss the case or transfer it to a forum that is authorized under the applicable venue statute. This kind of venue motion usually presents an issue of law or a mixed issue of law and fact. The question is not whether the trial court should transfer venue, but whether it must. *966 Mgmt. Computer Controls, Inc., 743 So.2d at 630. In this case, because the trial court's ruling did not involve fact-finding or the exercise of discretion, but concerned only an issue of law, we review the matter de novo. Armstrong v. Harris, 773 So.2d 7, 11 (Fla.2000).

The Home Venue Privilege
In Florida, governmental defendants have a common law "home venue privilege" to be sued in the county where they maintain their principal headquarters. Jacksonville Elec. Auth. v. Clay County Util. Auth., 802 So.2d 1190, 1192 (Fla. 1st DCA 2002) (citing Fla. Pub. Serv. Comm'n v. Triple "A" Enters., Inc., 387 So.2d 940, 942 (Fla.1980)). The primary purpose of this rule is to promote the orderly and uniform handling of litigation against governmental entities and to help minimize expenditures of public funds and manpower. See Fla. Dep't of Children & Families v. Sun-Sentinel, Inc., 865 So.2d 1278, 1287-88 (Fla.2004); Carlile v. Game & Fresh Water Fish Comm'n, 354 So.2d 362, 364 (Fla.1977); Triple "A" Enters., Inc., 387 So.2d at 943. Absent waiver or application of an identified exception, the home venue privilege appears to be a matter of right. See, e.g., Triple "A" Enters., Inc., 387 So.2d at 942; Carlile, 354 So.2d at 366; Dep't of Cmty. Aff. v. Holmes County, 668 So.2d 1096, 1102 (Fla. 1st DCA 1996) (citing Navarro v. Barnett Bank of W. Fla., 543 So.2d 304 (Fla. 1st DCA 1989)).
A trial court does not have discretion in its application of the home venue privilege. To the contrary, the supreme court has held that a trial court must apply the home venue privilege, unless one of the exceptions to the privilege is satisfied. Sun-Sentinel, Inc., 865 So.2d at 1288. Governmental defendants have a common law "home venue privilege" to be sued in the county where they maintain their principal headquarters. Clay County Util. Auth., 802 So.2d at 1192. Governmental plaintiffs, like OCSB, have no home venue privilege.[2]Triple "A" Enters., Inc., 387 So.2d at 942; Carlile, 354 So.2d at 363-64; see Sun-Sentinel, Inc., 865 So.2d at 1286 (citing Triple "A" Enters., Inc. and Carlile, and reiterating that "home venue privilege" provides that venue in a suit against the State, or an agency or subdivision of the State, is proper only in the county in which the State, or the agency or subdivision of the State, maintains its principal headquarters); Bush v. Schiavo, 871 So.2d 1012, 1014 (Fla. 2d DCA 2004) (stating that in action against a governmental agency, venue normally lies in the agency's home county); Dep't of Mgt. Servs. v. Fastrac Constr., Inc., 701 So.2d 1200, 1200 (Fla. 5th DCA 1997) (reiterating well-established rule in Florida that venue in civil actions brought against the State or one of its agencies or subdivisions, absent waiver or exception, properly lies in the county where the state, agency, or subdivision maintains its principal headquarters).

*967 The "Sword-Wielder" Exception

While recognizing the general home venue privilege rule, OCSB argues that the "sword-wielder" exception to the general rule applies here. The "sword-wielder" doctrine applies only where a state agency directly threatens an individual's constitutional rights. In that limited circumstance, an individual may bring suit in the county where the alleged wrong occurs. Triple "A" Enters., Inc., 387 So.2d at 942; Nyberg v. Snover, 604 So.2d 894 (Fla. 1st DCA 1992). OCSB is a county school board. It is not "an individual" within the meaning of the "sword-wielder" exception whose constitutional rights have been directly threatened by the State Board's actions. See Dep't of Cmty. Affairs v. Holmes County, 668 So.2d 1096, 1102 (Fla. 1st DCA 1996) (holding that counties were not "individuals" whose constitutional rights had been directly threatened by state agency within meaning of "sword-wielder" exception).
The sword-wielder doctrine can also apply in cases where the official state action being complained of has been, or is being performed, in the county where the suit is filed, or when the threat of such action in that county is both real and imminent. Carlile, 354 So.2d at 365; see Smith v. Williams, 160 Fla. 580, 35 So.2d 844 (1948); Stovall v. Cooper, 860 So.2d 5, 8 (Fla. 2d DCA 2003); Fla. Dep't of Ins. v. Amador, 841 So.2d 612, 614 (Fla. 3d DCA 2003). Even then, however, the sword-wielder exception is limited to those cases where the primary purpose is to obtain direct judicial protection from an alleged unlawful invasion of the constitutional rights of the plaintiff in the county where the suit is instituted. This precludes application of the doctrine where the enforcement or threatened enforcement by a state agency of a statute, rule or regulation alleged to be unconstitutional as to the plaintiff, and the validity or invalidity of the statute, rule or regulation sought to be enforced comes into question only secondarily and incidentally to the main issue involved. Carlile, 354 So.2d at 365. That is the case here.
Here, although OCSB's complaint alleges that the State Board's action infringed on its constitutional rights, the primary purpose of the lawsuit is to challenge the constitutionality of section 1002.33. A ruling on the statute's constitutionality would have statewide impact. Any claimed invasion of OCSB's constitutional rights is secondary. Consequently, we conclude the sword-wielder exception does not apply to excuse compliance with the home venue rule. See Dickinson v. Fla. Nat'l Org. for Women, 763 So.2d 1245 (Fla. 4th DCA 2000); New England Int'l Sur., Inc. v. State of Fla. Dep't of Ins., 511 So.2d 731, 733 (Fla. 4th DCA 1987) (concluding that insurer could not maintain its action for injunctive and declaratory relief in Palm Beach County against the Department of Insurance since the suit was not brought to protect "some specific property or other constitutional right situated in Palm Beach County").
Finally, there was no showing of particularized harm to OCSB separate and apart from the generalized harm suffered by other school boards in Florida by the operation or enforcement of this statute. Although OCSB claims that it is unique because it is the lowest-funded school district in the state, it has failed to demonstrate it has suffered harm any different from other school districts.
AFFIRMED.
GRIFFIN and PALMER, JJ., concur.
NOTES
[1] In the underlying case, three charter schools applied for approval from OCSB, which were denied based on lack of funding. The charter schools appealed to the State Board, which overruled OCSB's decision. OCSB has appealed those three cases to this Court. School Board of Osceola County v. UCP of Cent. Fla., No. 04-1140, 905 So.2d 909, 2005 WL 924317 (Fla. 5th DCA Apr. 20, 2005), was recently affirmed. However, School Board of Osceola County v. Academies of Excellence Middle School, No. 04-1141 (Fla. 5th DCA filed Apr. 8, 2004), and School Board of Osceola County v. Academies of Elementary Middle School, No. 04-1142 (Fla. 5th DCA filed 4/8/04), are still pending.
[2] Citing to School Board of Escambia County v. State, 353 So.2d 834 (Fla.1977), and State v. Board of Public Instruction of Pasco County, 176 So.2d 337 (Fla.1965), OCSB admits that these cases do not involve a venue issue, but contends that they involved one state subdivision suing another state subdivision in the plaintiff state subdivision's home venue, and not in Leon County. Thus, OCSB argues that the trial court incorrectly ruled that Leon County was the only legal venue for the instant matter to be heard. We conclude that these cases are inapposite. While the defense of improper venue may be waived if not timely or sufficiently asserted, see Inverness Coca-Cola Bottling Co. v. McDaniel, 78 So.2d 100, 102 (Fla.1955), the fact that a governmental defendant may choose to waive its home venue privilege does not mean that legal venue over a lawsuit by one governmental entity against another governmental entity must lie in a county other than the county where the defendant government has its headquarters, as OCSB argues.