943 So.2d 259 (2006)
CITY OF SWEETWATER FLORIDA, a municipal corporation, Appellant,
v.
Allen B. ST. GERMAIN and George Ignacio Alvarez, Appellees.
No. 3D06-1626.
District Court of Appeal of Florida, Third District.
November 15, 2006.
Rehearing Denied December 21, 2006.
Irizarri & Gersten, Miami, and Ramon Irizarri and Judith L. Gersten, Miami, for appellants.
Jorden Burt and Janice Burton Sharpstein; Hartman & Cornely and Douglas C. Hartman, Miami, for appellees.
Before WELLS, CORTIAS and ROTHENBERG, JJ.
WELLS, Judge.
The City of Sweetwater appeals from an order denying its motion to dismiss, on service of process and personal jurisdiction grounds, the applications of two of its police officers who sought payment of attorneys' fees and costs after being found not guilty of criminal charges. We affirm.
On July 7, 2004, Sweetwater police officers Allen B. St. Germain and George Ignacio Alvarez were charged with felony battery and official misconduct. Following a jury trial, St. Germain and Alvarez were found not guilty on all charges. Pursuant to section 111.065(4) of the Florida Statutes, St. Germain and Alvarez applied to the City for payment of the fees and costs that they had incurred in their defense. ß 111.065(4)(b)1, Fla. Stat. (2006)(providing that "[t]he officer shall submit an application for payment of reasonable attorney's fees and costs to the employing agency no later than 30 days after termination of the criminal action"). The City Commission addressed the officers' applications on two occasions, and although on one of these occasions the Mayor commented that the attorneys had done an "outstanding job" and "deserve[d] to get paid," the applications were denied.
Alvarez and St. Germain then submitted their applications to the circuit court as authorized by section 111.065:
If the officer and the employing agency do not reach an agreement or if payment is not provided within the specified time, the officer requesting payment of attorney's fees and costs may submit the *260 application to the court having jurisdiction over the criminal action within 30 days after the termination of the criminal action, failure to reach an agreement, or failure to pay the fees or costs, whichever is later. The court shall retain jurisdiction of the matter in order to determine entitlement to payment and the amount of reasonable attorney's fees and costs.
ß 111.065(4)(b)(3), Fla. Stat. (2004).
Alvarez mailed copies of his application to the City's mayor, the City attorney, the attorney who prosecuted the criminal case against him, and counsel for St. Germain. St. Germain mailed copies of his application to the City attorney, the attorney who prosecuted the criminal case against him, and counsel for Alvarez.
Rather than responding to the applications as provided by section 111.065(4)(b)(4), the City filed a Rule 1.140 motion claiming that the trial court lacked in personam jurisdiction because the City had not been served with process as purportedly required by the Florida Rules of Civil Procedure and Chapter 48 of the Florida Statutes. The trial court correctly denied this motion.
The "Law Enforcement Fair Defense Act," section 111.065 of the Florida Statutes, revised existing law governing the provision and payment of law enforcement officers' attorneys' fees and costs in criminal and civil actions. This Act requires an employing agency to provide and pay for the legal representation of law enforcement officers against whom criminal actions have been brought where (1) the actions giving rise to the charges arose within the course and scope of the officer's duties; (2) the officer materially complied with the employing agency's policies and procedures or generally recognized criminal justice standards where no written policies or procedures exist; and (3) where the actions giving rise to the charges occurred either in response to what the officer reasonably believed to be an emergency; in an effort to protect the officer or others from imminent death or bodily harm; or while in fresh pursuit, apprehending, or attempting to apprehend a suspect reasonably believed to have perpetrated, or attempted to perpetrate, a forcible felony as defined in section 776.08, or the offense of escape. ß 111.065(3), Fla. Stat. (2006).
The Act also provides "an alternative process" by which an acquitted officer, who did not plead guilty or nolo contendere or who was not found guilty at trial, may obtain reimbursement of fees and costs when the employing agency does not provide an attorney or when the officer does not use an agency attorney. See Criminal Justice Committee, SB226: Senate Staff Analysis and Economic Impact Statement (Fla. January 28, 2004). That process, which is clearly and unambiguously delineated in section 111.065(4)(b), requires only that the officer submit a fee and cost application to the employing agency and if the agency and the officer cannot agree, to submit the application to the court with jurisdiction over the criminal action in which the officer was charged:
(b) If legal representation is provided in accordance with paragraph (a), the amount of reasonable attorney's fees and costs shall be determined as follows:
1. The officer shall submit an application for payment of reasonable attorney's fees and costs to the employing agency no later than 30 days after termination of the criminal action. Thereafter, the employing agency and the officer must agree on reasonable attorney's fees and costs to be paid within 30 days after submitting the application for payment. The officer may only apply for attorney's fees and costs incurred in the *261 actual defense of the prosecution of criminal charges, and the officer is not entitled to seek or collect attorney's fees and costs related to efforts to collect attorney's fees and costs under this section.
2. The application for reasonable attorney's fees and costs must include an itemization statement from an attorney or expert witness representing or appearing in behalf of the officer which states the actual time expended and the rate at which fees and other expenses were computed.
3. If the officer and the employing agency do not reach an agreement or if payment is not provided within the specified time, the officer requesting payment of attorney's fees and costs may submit the application to the court having jurisdiction over the criminal action within 30 days after the termination of the criminal action, failure to reach an agreement, or failure to pay the fees or costs, whichever is later. The court shall retain jurisdiction of the matter in order to determine entitlement to payment and the amount of reasonable attorney's fees and costs.
ß 111.065(4)(b)1-3, Fla. Stat. (2006).
The Act also accords the employing agency the right to respond to the application, should judicial determination be necessary, and details the criteria that may be considered by the court in determining whether to enter a fee and cost award:
4. If the officer files an application for attorney's fees and costs with the court, the employing agency shall have the right to respond to the application. The court shall make its determination as to entitlement and amount of reasonable attorney's fees and costs based on:
a. Whether the officer's actions complied with the requirements of paragraphs (3)(a), (b), and (c); and
b. Prevailing market rates in the appropriate market area for defense of similar actions, as well as other relevant factors.
(c) A lodestar or fee multiplier provision may not be used in any criminal prosecution defended under this subsection and the attorney's fees and costs awarded may not exceed $100,000.
ß 111.065(4)(b)(4) and (4)(c), Fla. Stat. (2006).
This "alternative process," mandates neither the filing of an independent claim, petition or action nor formal service of process. The trial court, therefore, correctly rejected the City's claim that the trial court lacked jurisdiction over it because this provision mandated Chapter 48 service of process.
We also find unpersuasive the City's reliance on Florida Dept. of Children and Families v. Sun-Sentinel, Inc., 865 So.2d 1278 (Fla.2004), to support its argument that formal service of process was mandated in this case. At issue in Sun-Sentinel, was a petition filed pursuant to then section 119.07(7)(a) of the Florida Statutes in the civil division of the circuit court to obtain public but confidential DCF records relating to a pending criminal action in which two parents had been charged with criminal child neglect. Section 119.07(7)(a), in pertinent part provided:
Any person or organization, including the Department of Children and Family Services, may petition the court for an order making public the records of the Department of Children and Family Services. . . .
See ß 119.07(7)(a), Fla. Stat. (2002).
The Sun-Sentinel made no attempt to formally serve DCF with the petition but *262 only faxed a copy of the petition to DCF. DCF moved to dismiss claiming, in part, that service by facsimile was insufficient to invoke jurisdiction over it.
The trial court denied DCF's motion.[1] The Florida Supreme Court disagreed, holding that although this provision was silent with regard to service of process, the filing of a petition to make public records held by DCF commenced a civil action that required The Sun-Sentinel to comply with the rules and statutes governing formal service of process:
We . . . hold that a section 119.07(7)(a) petitioner must serve DCF with the petition. The Florida Rules of Civil Procedure apply to "all actions of a civil nature." Fla. R. Civ. P. 1.010. Rule 1.050 provides that civil actions are commenced when the complaint or petition is filed. Rule 1.070 provides that "[u]pon the commencement of the action, summons or other process authorized by law shall be issued." Section 48.031(1)(a), Florida Statutes (2002), states that "[s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading." (Emphasis added.) Section 48.111(2), Florida Statutes (2002), provides that "[p]rocess against any public agency, board, commission, or department not a body corporate . . . shall be served on the public officer being sued or the chief executive officer of the agency, board, commission, or department."
Sun-Sentinel, Inc., 865 So.2d at 1285.
None of this remotely applies to section 111.065 which neither mandates filing of a complaint, petition or any other initial pleading nor contemplates institution of an independent civil action for an officer to secure fees and costs.[2]
In sum, section 45.021 provides that "[c]hapters 45-51 [addressing service of process] . . . apply to all actions . . . unless specifically provided otherwise in such chapters or parts thereof." ß 45.021, Fla. Stat. (2006). Here, the Legislature has "specifically provided otherwise."
Accordingly, the order under review is affirmed.
NOTES
[1] The district court did not reach the merits of the service of process/personal jurisdiction issue because it held that DCF waived its objection by seeking a transfer of venue.
[2] Unlike the express language of section 111.065, which authorizes an officer requesting the payment of fees and costs to submit his application to the court having jurisdiction over his criminal action, the Florida Supreme Count in Sun-Sentinel specifically noted that a section 119.07 petition should not be filed in a pending criminal action:

We also note that Sun-Sentinel should not have filed the petition in the pending criminal action to which neither it nor DCF was a party. The proper procedure would have been to file the petition as a separate action. It then could have requested that the "good cause" proceeding be conducted by the same judge that was presiding over the criminal action.
Sun-Sentinel, 865 So.2d at 1286 n. 10.