SCHWARTZ, Senior Judge.
This case concerns a sum held in escrow by a title company, pending resolution of a dispute between the Internal Improvement Trust Fund and Harvey W. Seeds Post No. 29 as to the entitlement to the fund under conditions of a Trustees’ 1966 deed of state property to the Post. The company filed an interpleader action in Miami-Dade County Circuit Court, depositing the amount in dispute in the court registry, and was dismissed from the action. In the ensuing proceeding between the Trustees and the Post, the Trustees moved to transfer the case to Leon County under the familiar venue privilege conferred upon state agencies. See Smith v. Williams, 160 Fla. 580, 35 So.2d 844 (1948). The trial judge denied the motion but we reverse and remand with directions to transfer the case to Leon County.
Notwithstanding the general attractiveness of retaining the case here, it is an immutable principle that, under Florida’s home venue privilege, a state agency such as the appellant may be sued only at its headquarters, here, Tallahassee, unless one of the recognized exceptions to that rule applies. See Fla. Dep’t of Children & Families v. Sun-Sentinel, Inc., 865 So.2d 1278 (Fla.2004); Shands Teaching Hosp. & Clinics, Inc. v. Sidky, 936 So.2d 715 (Fla. 4th DCA 2006); Sch. Bd. of Osceola County v. State Bd. of Educ., 903 So.2d 963 (Fla. 5th DCA 2005); Fla. Dep’t of Ins. v. Amador, 841 So.2d 612, 614 (Fla. 3d DCA 2003). None does. The circumstances of this case simply do not fit into any of those limited categories; that is (1) there is no waiver, Sun-Sentinel, Inc., 865 So.2d at 1287-88; (2) the “sword wielder” exception is inapplicable because the Post cannot be regarded as raising a “shield against the state’s thrust,” Sun-Sentinel, Inc., 865 So.2d at 1288 (quoting Fla. Dep’t of Ins. v. Amador, 841 So.2d 612, 614 (Fla. *801 3d DCA 2003)); Dep’t of Revenue v. First Fed. Sav. & Loan Ass’n of Ft. Myers, 256 So.2d 524 (Fla. 2d DCA 1971)(mere demand is insufficient to render sword wielder exception applicable); (3) it is clear that the Trustees and the Post are not “joint tortfeasors,” Sun-Sentinel, Inc., 865 So.2d at 1288; Bd. of County Comm’rs v. Grice, 438 So.2d 392, 395 (Fla.1983); and (4) the exception created in Sun-Sentinel is plainly not involved. Hence, there is no choice but to reverse and remand with directions to transfer the now-pending action between appellant and appellee to the Second Circuit.
Reversed.