KELSEY, J.
Appellant, the Sheriff of Columbia County, Florida, challenges the trial court’s order denying his motion to dismiss for improper venue based on the home venue privilege. Appellees sued Appellant in his official capacity as Sheriff, as well as a deputy sheriff, for damages allegedly incurred when the deputy rear-ended Ap-pellees’ car. He was driving his duty car, on his way to work in Columbia County, and the accident occurred in neighboring Hamilton County. The amended complaint alleged that Appellant is vicariously liable for the deputy’s, negligence because the deputy was acting within the course and scope of his employment, and .alternatively alleged that the deputy is personally liable because he acted in a reckless, willful, and wanton manner. The trial court denied Appellant’s motion to dismiss for improper venue, relying on a “joint defendant” exception to the home venue privilege. Appellant contends the trial court erred by interpreting too broadly.the recognized joint tortfeasor exception to the home venue privilege, in effect improperly creating a new “co-defendant” exception to the home venue privilege. We agree and reverse.
The State and its agencies or subdivisions, including the county sheriffs, enjoy a home venue privilege. See Carlile v. Game & Fresh Water Fish Comm’n, 354 So.2d 362, 363-64 (Fla.1977) (“It has long been the established common law of Florida that venue in civil actions brought against the state or one of its agencies or subdivisions, absent waiver or exception, properly lies in the county where the state, agency, or subdivision, maintains its principal headquarters.”). The homé venue privilege is subject to only four specific exceptions. Fla. Dep't of Children & Families v. Sun-Sentinel, Inc., 865 So.2d 1278, 1288-89 (Fla.2004) (recognizing exceptions for statutory waiver of home venue privilege, actions in which the State entity allegedly acts, as a “sword wielder,” joint tortfeasor, and “good cause” petitions to access otherwise confidential public records). Id. at 1288-89. A trial court “must apply the home venue privilege unless one of the recognized exceptions to the privilege is satisfied.’! Id. at 1289.
The Florida Supreme Court recognized the joint tortfeasor exception in Board of County Commissioners v. Grice, 438 So.2d 392, 395 (Fla.1983) (“[A] trial court has discretion to dispense with the home venue privilege when a govemmén-tal body is sued as a joint tortfeasor.”) (emphasis added). While Grice did not define the term “joint tortfeasor,” Black’s Law Dictionary defines it as “[t]wo or more tortfeasors who contributed to the claimant’s injury and who may be joined as defendants in the same lawsuit.” Joint tortfeasors, Black’s Law Dictionary (10th ed.2014). “Joint tortfeasors are usually defined as two or more negligent entities whose conduct combines to produce a single injury.” Caccavella v. Silverman, 814 So.2d 1145, 1148 (Fla. 4th DCA 2002).
The trial court here erred in concluding that Appellant, alleged to be vicariously liable for the deputy’s alleged negligence, is a joint tortfeasor within the meaning of this- ’exception to the home venue privilege. See Williams v., Hines, 80 Fla. 690, 86 So. 695, 697 (1920) (“They [principal and agent] are in no sense joint tort-feasors, but the basis of the liability of the principal, or master, is the well-known doctrine óf respondeat superior.”); Grobman v. Posey, 863 So.2d 1230, 1235- (Fla. 4th DCA 2003) (“Vicarious liability does not mesh with the concept of liability that can be apportioned among joint tortfea-sors.”); Phillips v. Hall, 297 So.2d 136, *786 137 (Fla. 1st DCA 1974) (“While at’ times the term ‘joint tort-feasors’ has been loosely used ... in connection with the doctrine of respondeat superior ... in its true sense a master and servant are not ‘joint tort-feasors’ when the only -relationship which the master has to the tort of the servant is that he is his employer.”). The joint tortfeasor exception to the home venue privilege does not apply, and Florida law does not recognize a co-defendant exception.
Accordingly, we reverse and remand for dismissal of , the action for improper venue.
THOMAS and OSTERHAUS, JJ., concur.